ERNEST v. TREASTER.

No. 14968—Opinion Filed March 17, 1924.

Rehearing Denied July 14, 1925.

**Schools and School Districts — Contract for Private Instruction — Recovery by Student of Tuition for Nonperformance.**

A contract for the giving of a course of Spanish lessons provided for individual instruction. The instructor testified that he gave individual instruction to the pupil several times a day. The pupil testified that said instructor gave individual instruction only three times during a period of three and one-half months. Other witnesses corroborated the pupil. Held, that a verdict for the return of a part of the tuition based on failure of consideration, is sufficiently sustained by the evidence.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; T. C. Chambers, Judge.

Action by Laura Treaster against Luis Ernest. Judgment for plaintiff, and defendant appeals. Affirmed.

Warren K. Snyder, for plaintiff in error.

Wm. H. Lewis, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. The plaintiff sued to recover the consideration paid for a course in Spanish lessons. The contract entered into between the parties relative to the giving of said course contained the following material provision:

"It is understood that I am to receive individual instruction in all of the lessons."

The defendant testified that he gave the plaintiff individual instructions. The testimony is as follows:

"Q. What do you mean by lessons? A. For instance in the morning I would take her with her book and have her read to me in Spanish and she has got to translate it, and she has got to change the singular to plural and plural to singular, and let her write three new lessons and filling out three old lessons in review and more in advance, and that is the way we conducted it on until she left the school. Q. Did you talk in Spanish with her? A. Yes, sir; I talked with everybody—I talked with her in particular. Q. How often would you say on an average, you conversed with her in Spanish or carried on oral lessons in Spanish? A. Well, I gave her conversations at least twice a day, in the morning and aft-

ernoon as well as regular lessons in the book."

The plaintiff and other witnesses testified that the defendant merely assigned text books to the plaintiff and told plaintiff that she "must dig it out for herself." That during a period of three and one-half months the only individual instruction given by defendant consisted of three periods of instruction of ten minutes each. There was therefore a sharp conflict in the testimony on the issue of the performance of the contract by defendant. The plaintiff's testimony, if believed, is sufficient to sustain the verdict. It is clear that the defendant's conception of individual instruction, as well as the plaintiff's understanding thereof, required more than the mere assigning of written work to be done out of text books, and this, according to the testimony of the plaintiff and others, constituted the effort put forth by the defendant to assist the plaintiff to gain a usable knowledge of commercial Spanish.

It was within the contemplation of the parties that plaintiff by attending the defendant's school should acquire such knowledge of Spanish that she would be able to use that language commercially in South America, in countries where Spanish is the one language of the people. The testimony discloses that the plaintiff repeatedly demanded individual instruction and that the defendant attempted to put her off continually by saying "later on."

The plaintiff had received some instruction in Spanish at the University of California. She was extremely ambitious, zealous, and industrious. She mortgaged her engagement and wedding rings, with the approbation of her husband, in order to secure the money to pay for the course. Such zeal on the part of the pupil, in the opinion of the jury, merited a livelier response on the part of the teacher. We are unable to find any serious criticism of the result reached in this case.

By the verdict the defendant is permitted to retain $125, which is ample compensation for the efforts he put forth during the three and one-half months period the plaintiff attended his school, and attempted to take advantage of the offer which he had made publicly to teach students so that they should become proficient in Spanish. We are unable to say that the plaintiff did not give his system a patient and painstaking trial, and we think that the evidence clearly discloses that the defendant failed to give the individual instruction which was contemplated by the contract.

The sole assignment of error which is insisted upon is that the verdict is not sustained by the evidence. We think that the verdict is reasonably supported by the evidence of plaintiff and of other witnesses, and indeed we fail to see how the jury could have reasonably reached any other determination.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 817 (1926 Anno).